*739 OPINION.
Trussell:
The record of this case clearly establishes the fact that the use of the patentable process here under consideration in the petitioner’s business resulted in a reduction in the cost of manufacturing of a large part of the goods produced and sold in the course of the petitioner’s business. This reduction in the cost of manufacturing must necessarily be, and was, reflected in the net profits of the business, and we are of the opinion that the record supports the finding that this process had at the time paid in for stock a cash value of $25,000.
Up to the close of the taxable year here under consideration the patent under this process had not been issued, and therefore the period of patent monopoly had not yet begun to run. The record shows no basis upon which a deduction for exhaustion of the capital value of this process can be computed and therefore no such deduction can be allowed.
We are further of the opinion that the record fails to establish any such abnormality either of invested capital or net income as to require the application of section 328 of the Revenue Act of 1918.

The deficiency will be redetermined in accordance with the foregoing findings of fact and opinion upon 15 days' notice pursuant to Rule 50, and judgment will be entered in due course.

Geeen and Trammell dissent.